UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re: §
§
Sarver, John S. § Case No. 11-63250
Sarver, Sharon L. §
§
Debtor(s) §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Ronald R. Sticka, Trustee, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
CLERK, U.S. BANKRUPTCY COURT
405 E. 8th Avenue #2600
Eugene, OR 97401

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 23 days from the date of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date: 07/07/2015        By: Clerk, U.S. Bankruptcy Court

*Ronald R. Sticka, Trustee*
*P.O. Box 10990*
*Eugene, OR 97440*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re: §
§
Sarver, John S. § Case No. 11-63250
Sarver, Sharon L. §
§
Debtor(s) §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| The Final Report shows receipts of | $ |
| and approved disbursements of | $ |
| leaving a balance on hand of[1] | $ |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000006A | Unitus Community CU | $ | $ | $ | $ |

| | |
|---|---|
| Total to be paid to secured creditors | $ |
| Remaining Balance | $ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Ronald R. Sticka, Trustee | $ | $ | $ |
| Trustee Expenses: Ronald R. Sticka, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: RONALD R. STICKA, P.C. | $ | $ | $ |
| Attorney for Trustee Expenses: RONALD R. STICKA, P.C. | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Charges: CLERK, U.S. BANKRUPTCY COURT | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance      $_____

    Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

    In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | American InfoSource LP as agent for | $ | $ | $ |
| 000002 | Les Schwab | $ | $ | $ |
| 000003 | ODR Bkcy | $ | $ | $ |
| 000004 | Chase Bank USA, N.A. | $ | $ | $ |
| 000005 | US BANK N.A. | $ | $ | $ |
| 000007 | Midland Funding LLC | $ | $ | $ |
| 000008 | GE Capital Retail Bank | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000006B | Unitus Community CU | $ | $ | $ |
| | Total to be paid to timely general unsecured creditors | | | $_____ |
| | Remaining Balance | | | $_____ |

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Andrea J. McKinney
Case Auditor

*Ronald R. Sticka, Trustee*
*P.O. Box 10990*
*Eugene, OR 97440*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-NFR (5/1/2011) *(Page: 4)*

Case 11-63250-fra7    Doc 41    Filed 07/07/15